## McKendry, Appellant, *v.* Shannon (No. 1).

201   331
201   334

*Actions—Parties—Executors and administrators.*

Where a testator appoints his wife and daughter executrices of his will, and gives a farm to his wife for life with power of sale with remainder to his daughter, and the wife and daughter after the testator's death execute a deed in their individual capacity for the oil and gas on the farm, the daughter, after her mother's death, cannot as surviving executrix of her father maintain an action to recover an alleged unpaid portion of the purchase money. In such a case it is manifest that the estate of the testator was entitled to no portion of the purchase money.

Argued Nov. 4, 1901. Appeal, No. 117, Oct. T., 1901, by

plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1899, No. 66, refusing to take off nonsuit in case of Elizabeth J. Mc-Kendry, Surviving Executrix of William A. Thomson, Deceased, v. P. M. Shannon.  Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.  Affirmed.

Assumpsit to recover unpaid balance of purchase money of land.  Before STOWE, P. J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*A. Blakeley,* with him *A. C. Johnston,* for appellant.

*J. M. Swearingen,* with him *W. H. S. Thomson,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 6, 1902:

William A. Thomson died November 4, 1880.  His will was admitted to probate on the 25th of that month and on December 13, 1884, letters testamentary were issued to Matilda B. Thomson, his widow, and Elizabeth J. Thomson, a daughter (now McKendry) who, as surviving executrix, brought this suit.  He devised to his wife, for life, the farm, on which they had resided since their marriage, giving her power to sell it, and, if sold, she was to invest the proceeds and enjoy the interest for life.  At her death the farm or the proceeds if sold, were to go to the daughter, if living.  On March 17, 1886, Matilda B. Thomson and Elizabeth J. Thomson, who had then become the wife of William McKendry, mother and daughter, and devisees of William A. Thomson, entered into an agreement with P. M. Shannon, appellee, by which in consideration of $100 paid to Mrs. Thomson he was given an option to purchase the oil and gas on the homestead farm, upon his paying therefor $15,900 at the expiration of four months. He exercised this option and subsequently a deed dated July 16, 1886, was executed and delivered to him by the mother and daughter, on which a receipt of $16,000, the whole amount of the purchase money, was indorsed; but the daughter, alleging

that $5,900 thereof had not been paid, brought this suit in her capacity as surviving executrix of William A. Thomson, deceased, to recover the said balance.

It is true the testator gave his executrices power to sell any or all of his real estate, but it is equally true that he devised the homestead farm to his wife, with remainder to his daughter; and though the assumption of the appellant now is that she and her mother acted as executrices when they entered into the agreement with Shannon and executed and delivered the deed, the fact is that they did not. From beginning to end, they acted in their individual capacities, and neither did nor undertook to do anything on behalf of the estate of their decedent. Neither is named as executrix in the agreement or deed, and the conveyance is for whatever interest they had in the oil and gas on the premises, not for the interest of the estate of William A. Thomson, deceased. The purchase money was made payable to Matilda B. Thomson alone and as an individual. In the contract and deed, the husband of Elizabeth J. McKendry joins, though his name would have no proper place in either, if his wife had been acting in her fiduciary capacity. The reasons assigned for asking for the judgment of non-suit were : " First. Under the agreement of March 16, 1886, which was supplemented by the deed of July 16, 1886, the money arising from the sale of the oil and gas rights is payable to Matilda B. Thomson and she alone or her legal representatives could maintain an action for the balance of the purchase money, if any balance remains unpaid. Second. This case being brought by the surviving executrix of the will of William A. Thomson deceased cannot be maintained." As it is most manifest that the estate of William A. Thomson, deceased had no claim against the appellee, there was no escape from the nonsuit and the judgment is now affirmed.